## LAFOLLYE and others *v.* CARRIERE and others.[1]

### (*Circuit Court, E. D. Louisiana.* March, 1885.)

1. ATTACHMENT—SECTION 933, REV. ST.
    Under section 933, Rev. St., writs of attachment issued from the federal courts are dissolved, in conformity with state laws, by a surrender of property under the insolvent laws of the state.
2. SAME—INSOLVENT LAWS OF LOUISIANA.
    By the law of the state of Louisiana, as construed by its supreme court, a cession of property made by insolvents dissolves all writs of attachment which have not matured into judgment prior to the cession; and under section 933, Rev. St., the rule must be the same in the federal courts.
3. INSOLVENCY—PARTNERSHIP.
    A cession made by the surviving members of a partnership, who are in possession of the partnership property, carries that property into insolvency, and defeats all claims of attaching creditors upon it.

The plaintiffs in these suits applied for and obtained writs of attachment against the defendants, A. Carriere & Sons, and under these writs seizure was made of various notes, bonds, and other securities. Subsequently, on the eighteenth of July, 1884, the defendants, A. Carriere & Sons, through E. L. Carriere and C. J. Carriere, surviving partners, made a cession of all their property to their creditors under the insolvent laws of the state of Louisiana. James M. Seixas was elected syndic of the creditors, and he appeared in court and through his counsel moved for 'the dissolution of the writs of attachment, on the ground that as the effect of the cession of the property of the insolvents was to dissolve all writs of attachment

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

against said property in the state court, a similar result must follow in the federal court, under the operation of section 933, Rev. St.

In order to give to the parties a full hearing on these questions, and to establish uniform rules of practice in the district with reference to this matter of the maintenance or dissolution of such attachments, the circuit judge, Hon. DON A. PARDEE, and district judge, Hon. E. C. BILLINGS, sat together.

*Charles Louque* and *Henry Denis,* for attaching creditors.

*R. H. Browne,* for defendants.

*Thos. L. Bayne,* for the syndic of the creditors.

*E. D. White,* for executor of A. Carriere.

PARDEE, J. The partnership of A. Carriere & Sons, after May 31, 1884, was a partnership at will. It was dissolved by the death of A. Carriere on June 4, 1884. On the dissolution the partnership property either went into the hands of the surviving partners, or in the hands of the probate court having jurisdiction of A. Carriere's succession, depending on the nature of the proceedings had after the dissolution. So far as the plaintiffs here are concerned, on proper grounds shown, they could have an attachment for their claims against the firm of Carriere & Sons to run against the property of the surviving partners, and the property of the firm in their possession. The cession shown in the case is made by E. L. Carriere and C. J. Carriere, individually and as surviving partners, and by operation of law carries into the surrender all their individual property, and all the property of the firm.

The effect of such cession and proceedings thereon was to stay and practically dissolve all attachments then issued against the said surrendering partners, and all property surrendered; in the state court, by the direct operation of state laws, and in the national courts by force of section 933, Rev. St.

The insolvency laws of Louisiana are not unconstitutional by reason of their having been re-enacted by codification in 1869, while the bankruptcy laws of the United States were in force. The creditor not placed on the *bilan* of a ceding debtor is not bound by the proceedings in insolvency until he shall be made a party to the cession; but in case of attachment previously issued by a creditor not placed on the *bilan,* the creditor is considered as being made a party by a motion made to dissolve the attachment on the ground of the cession properly pleaded, or by other proper proceedings, whether by answer or intervention, properly pleading the cession.

The effect of these views in the present cases results in giving judgment to plaintiffs for amounts of debt against E. L. and C. J. Carriere, individually and as surviving partners, in all cases; and in such cases as the executor of A. Carriere is sued, against him also,—the same to be satisfied in due course of administration; and that all attachments be dissolved. As in our view the attachments were rightfully issued, and are dissolved by reason of subsequent events not imputable to

plaintiffs, all costs of attachment should be paid by the syndic inter-vening, before the property attached is surrendered.

BILLINGS, J., concurred.